IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA TORRES-BENÍTEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIV. NO.: 19-1539 (SCC) |

**OPINION AND ORDER**

From August 2007 to August 2017, the federal government held Plaintiff Elba Torres-Benitez under indictment for her alleged role in a scheme to fraudulently obtain passing scores on the medical-board examinations provided by the Puerto Rico Board of Medical Examiners. She claims that she suffered greatly during that decade—that she, among other things, lost her medical license and was detained for months for a medical evaluation after her attorney mistakenly thought she had expressed suicidal ideation—and that she suffered so for no reason at all. For she alleges that one of the federal prosecutors assigned to her case told her about halfway through her ordeal that the government had no witness who could point to her criminal conduct. She alleges further that after the indictment against her was finally dismissed on the government's own motion, she has not been able to get her medical license reinstated.

In 2019, Plaintiff filed this lawsuit against the United States of America, members of the Puerto Rico Board of Licensing and Medical Discipline ("board-member defendants"), and several unknown federal agents and insurance companies to recover for damages stemming from her decade-long prosecution and subsequent inability to get her medical license reinstated. She claims that the United States and its unknown agents violated the Federal Tort Claims Act ("FTCA"), the U.S. Constitution, and Puerto Rico law while investigating, prosecuting, and detaining her. Docket No. 1, pgs. 15–18. She also claims that the board-member defendants violated 42 U.S.C. § 1983, the U.S. Constitution, and Puerto Rico law by not reinstating her medical license after her prosecution ended. Docket No. 1, pgs. 17–18. Finally, she claims that unknown insurance companies are jointly and severally liable for the other defendants' unlawful conduct. Docket No. 1, pgs. 4–5, 19.

The United States has moved the Court to dismiss Plaintiff's claims against it and its unknown agents under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 25, pg. 2. Meanwhile, after the board-member defendants moved the Court to dismiss Plaintiff's claims against them, Docket No. 28, Plaintiff responded that the Court should do so without prejudice, Docket No. 39, pg. 1. The board-member defendants have replied that the Court should award them costs and attorney's fees when it dismisses those claims without prejudice. Docket No. 42, pg. 2. We now GRANT the

United States' motion and DISMISS Plaintiff's claims against it and its unknown agents, DISMISS AS MOOT the board-member defendants' motion, DISMISS at Plaintiff's request her claims against the board-member defendants, DENY the board-member defendants an award of costs and attorney's fees, and ORDER Plaintiff to SHOW CAUSE why her claims against the unknown insurance companies—the only remaining defendants—should not be dismissed as well. We will evaluate the claims against each set of defendants in turn, beginning with the claims against the United States and its unknown agents.

I.  UNITED STATES' MOTION TO DISMISS UNDER RULES 12(B)(1) AND 12(B)(6)

The United States has moved the Court to dismiss Plaintiff's claims against it under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing that sovereign immunity bars her claims arising from the acts of federal prosecutors, Docket No. 25, pgs. 6–7, and that her failure to exhaust administrative remedies bars her claims arising from the acts of any unknown federal agents, Docket No. 25, pg. 11. We agree with the United States and dismiss those claims.

We begin with Plaintiff's FTCA claims against the United States based on the actions of federal prosecutors. See Docket No. 1, pgs. 1, 18–19. The Court does not have subject-matter jurisdiction over claims against the United States unless the government has waived its sovereign immunity with respect to those claims. Bolduc v. United States, 402 F.3d 50, 59 (1st

Cir. 2005) (explaining that if sovereign immunity has not been waived with respect to a claim, "[i]t follows inexorably that there is no federal subject matter jurisdiction over that component of the case"). The FTCA waives the United States' sovereign immunity for certain tortious acts by federal employees. Holloway v. United States, 845 F.3d 487, 489 (1st Cir. 2017) (citing 28 U.S.C. § 1346(b)(1)). While intentional torts generally are excluded from the FTCA's waiver of sovereign immunity, 28 U.S.C. § 2680(h), certain intentional torts—"assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution"—that arise from the "acts or omissions of investigative or law enforcement officers" are not excluded and, thus, may be brought against the United States. Id. Put differently, the United States may be sued for an intentional tort when two conditions are met: (1) the action concerns a tort included in the FTCA's waiver of sovereign immunity—i.e., "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution"—and (2) the tort arises from the conduct of "investigative or law enforcement officers." See id.

The FTCA defines "investigative or law enforcement officers" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id. To determine whether an officer falls within this definition, we look to the officer's "legal authority." See Millbrook v. United States, 569 U.S. 50, 56 (2013) ("The plain text confirms that

Congress intended immunity determinations to depend on a federal officer's legal authority . . . ."). Federal prosecutors, however, are not authorized to execute searches, seize evidence, or make arrests for violations of Federal law. See 28 U.S.C. § 547 (setting out the duties of United States Attorneys). The United States, therefore, has not waived its sovereign immunity with respect to torts committed by them. Yacubian v. United States, 750 F.3d 100, 108 (1st Cir. 2014) ("It is undisputed here that the actions of federal prosecutors are outside of the ambit of § 2680(h) and are accordingly immune from this type of suit under the FTCA."); accord Moore v. United States, 213 F.3d 705, 710 (D.C. Cir. 2000); Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994). We conclude that sovereign immunity bars Plaintiff's FTCA claims based on the conduct of federal prosecutors, including any unknown federal agents who were federal prosecutors.

Turning to Plaintiff's FTCA claims against the United States based on the actions of the unknown federal agents who were not federal prosecutors, those claims are barred by Plaintiff's failure to exhaust her administrative remedies. Under the FTCA, plaintiffs may not sue the United States in court unless they exhausted their administrative remedies with the appropriate federal agency within two years of their claim's accrual. 28 U.S.C. § 2401(b). This requirement is "non-waivable [and] jurisdictional." Acosta v. United States Marshals Serv., 445 F.3d 509, 513 (1st Cir. 2006) (quoting Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18, 19–

20 (1st Cir. 1993)). For Plaintiff's claims to have been properly exhausted before the Department of Justice ("DOJ")—the appropriate federal agency here—her administrative complaint must have included "sufficient factual information about the incident, the identity of the parties involved, and the injury 'to allow the agency to investigate.'" See Mount v. Dep't of Homeland Sec., 937 F.3d 37, 47 (1st Cir. 2019) (quoting Santiago-Ramirez, 984 F.2d at 20).

Plaintiff properly filed an administrative complaint within two years of her claims accruing. See Docket No. 1, pg. 12 (stating that the government moved to dismiss the indictment against her on August 7, 2017, which the court granted on August 15, 2017); Docket No. 1-1, pg. 2 (stating that the DOJ received Plaintiff's administrative complaint on August 1, 2018). But her thread-bare complaint raised only two torts: "prosecutor misconduct and/or willful maliciousness exhibited by the DOJ and its agents." Docket No. 1-1, pg. 3. And the only facts she alleged against the United States were that the DOJ "willfully and maliciously filed an indictment against [her]" and then "moved to dismiss the case" due to "lack of evidence." Docket No. 1-1, pg. 3. Plaintiff's DOJ complaint, thus, focused only on the actions of the prosecutors who had filed and dismissed the indictments against her. She did not mention any conduct by any other federal agent. Because Plaintiff did not provide the DOJ with sufficient factual information to cause it to investigate any conduct beyond that of the federal prosecutors assigned to

her case, Plaintiff has not exhausted her administrative remedies as to any other federal agent. See Acosta, 445 F.3d at 513–14 (observing that the plaintiff's administrative complaint was "wholly imprecise as to who or what was charged" and therefore focusing only on the "explicit incident" contained therein and those who could be responsible for it).

Because the FTCA's exhaustion requirement is jurisdictional, we must dismiss Plaintiff's claims against the United States based on the actions of the unknown federal agents who were not prosecutors. See Acevedo-Pérez v. United States, 768 F.3d 51, 55 (1st Cir. 2014) (affirming the district court's dismissal of an FTCA claim because plaintiff "is not permitted to pursue an FTCA claim" when he "has not exhausted his claim as required"). And we, moreover, have already held that Plaintiffs' claims against any federal agents who were federal prosecutors are barred by sovereign immunity.

Plaintiff also raises Bivens claims against the unknown federal agents. Docket No. 1, pgs. 2, 16–17 (suing unknown federal agents in both their official and individual capacities). Bivens claims are claims against federal officials in their individual capacities for alleged constitutional violations. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 93 n.1 (1st Cir. 2013); see also Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971) (holding that a Fourth Amendment violation by a federal agent gives rise to a cause

of action for damages). Although Congress has not provided a statute of limitations for Bivens claims, "courts generally have applied state statutes of limitations to Bivens actions notwithstanding the fact that such actions lie only against federal officers." Estate of Barrett v. United States, 462 U.S. 28, 38 (1st Cir. 2006) (quoting Rossiter v. Potter, 357 F.3d 26, 34 n.7 (1st Cir. 2004)). Here, both parties agree that Puerto Rico's statute of limitations for Plaintiff's claims is one year, beginning when she "had knowledge" of the "fault or negligence." P.R. Laws Ann. tit. 31, § 5298(2) (2020); see Docket No. 25, pg. 13; Docket No. 31, pg. 7. To have knowledge of the claim, thereby starting the countdown of the statute of limitations, Plaintiff must be aware of her injury and who may be responsible for it. Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc., 812 F.3d 213, 215–16 (1st Cir. 2016) (discussing § 5298(2)); see also Montalvo v. Port Auth. & Am. Airlines, 153 D.P.R. 559, 567 (P.R. 2001) (explaining that § 5298(2) requires knowledge of the injury and who caused it to begin the statute-of-limitations period). And Plaintiff bears the burden of proving that "despite her diligence in pursuing her legal rights, she did not gain enough information"—i.e., the identities of those who may be responsible for her injury—to bring a lawsuit within a year of her injury. See Rivera-Carrasquillo, 812 F.3d at 216–17; see also Hodge v. Parke Davis & Co., 833 F.3d 6, 7 (1st Cir. 1987) (Breyer, J.) ("If a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving

that she lacked the requisite 'knowledge' at the relevant times." (quoting Iluminada Rivera Encarnación v. Estado Libre Asociado de Puerto Rico, 113 D.P.R. 383, 385 (P.R. 1982))).

The United States argues that Plaintiff's Bivens claims are time barred because Plaintiff did not exercise due diligence to discover the identities of the unknown federal agents within the one-year statute-of-limitations period. Docket No. 25, pg. 15. The United States argues further that the identities of these unknown agents are readily available to Plaintiff because documents in the docket of her criminal case contain the names of the agents who participated in the investigation of and indictment against her and, the United States asserts, her defense counsel met with these agents on several occasions. Docket No. 25, pg. 16. Again, Plaintiff bears the burden of proving her due diligence to discover the identities of those who may be responsible for her injuries. Hodge, 833 F.3d at 7 (Breyer, J.) (quoting Iluminada Rivera Encarnación, 113 D.P.R. at 385). Plaintiff, however, does not mention any steps she has taken to discover the identities of the unknown agents. See Docket No. 31, pg. 7 ("Plaintiff does not know the identity and/or identities of the unknown, investigative, federal agents who caused Plaintiff's injuries . . . . Discovery, in this cause of action, will . . . yield the identities of said agent and/or agents."). Plaintiff, moreover, does not dispute the government's assertion that documents in her criminal docket contain the names of the federal agents who were involved in

her indictment and investigation nor that her defense counsel in her criminal case would have this information. Even if we assume that Plaintiff's injury did not accrue until the charges against her were dismissed on August 15, 2017, Docket No. 1, pg. 12, this lawsuit was not filed until June 2, 2019. Because the one-year statute of limitations ran long before Plaintiff filed this lawsuit and she has not carried her burden to prove that she diligently attempted to learn the identities of the unknown federal agents—indeed, she informed the Court of no steps that she has taken to ascertain the identities of the unknown federal agents—her Bivens claims against them are time barred and must be dismissed.

In any event, looking to the sufficiency of Plaintiff's pleadings, her malicious prosecution claim flounders for another reason. It is "settled law" that a malicious prosecution claim requires Plaintiff to prove "the want of probable cause." Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019) (quoting Brown v. Selfridge, 224 U.S. 189, 191 (1912)). And a "grand jury indictment definitively establishes probable cause." See Rucci v. United States INS, 405 F.3d 45, 49 (1st Cir. 2005). There is a narrow exception where, if sufficiently alleged at the pleading stage, the presumption of probable cause can be rebutted by allegations that the "law enforcement defendants wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury." Id. But Plaintiff makes no such allegations. Plaintiff alleges only that the prosecutors here filed multiple indictments against her and ultimately

dismissed their final indictment because of "no evidence of wrongdoing." Docket No. 1, pgs. 7, 15. Multiple grand juries, therefore, found probable cause for the charges against her. And Plaintiff does not allege any facts to rebut the presumption that a grand jury indictment definitively establishes probable cause. Plaintiff's malicious prosecution claim, therefore, cannot prevail and must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See FED. R. CIV. P. 12(b)(6); see also Días-Nieves v. United States, 858 F.3d 678, 688 (1st Cir. 2017) (affirming the district court's dismissal of plaintiff's malicious-prosecution claim because plaintiff "failed to show that officers acted without probable cause"—"to the contrary, the record shows that [plaintiff] was named in the indictment").

Finally, turning to Plaintiff's claims of constitutional violations against the United States, we conclude that Plaintiff's claims for alleged violations of the Fourth, Fifth, and Sixth Amendments to the United States Constitution are barred also because the United States has not waived its sovereign immunity with respect to constitutional violations. See Gonsalves v. IRS, 975 F.2d 13, 15 (1st Cir. 1992) (affirming the district court's dismissal of plaintiff's constitutional-violation claims against the United States because sovereign immunity shields the United States from liability for constitutional violations committed by its agents); see also Benoit v. United States Dep't of Agric., 608 F.3d 17, 20 (D.C. Cir. 2010) (stating that suits against the United States under

the Constitution for money damages are barred by sovereign immunity).

In sum, we DISMISS Plaintiff's claims under the FTCA against the United States based on the actions of federal prosecutors and unknown federal agents. We DISMISS also Plaintiff's Bivens claims against the unknown federal agents in their individual capacities. We DISMISS Plaintiff's constitutional claims against the United States. And because we have dismissed all claims against the United States and unknown agents over which we have original jurisdiction, we decline to exercise supplemental jurisdiction over Plaintiff's remaining claims against them arising under Puerto Rico law. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); see also Signs for Jesus v. Town of Pembroke, 977 F.3d 93, 114 (1st Cir. 2020) ("[A] district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction."). We, therefore, DISMISS WITHOUT PREJUDICE Plaintiff's claims against the United States and unknown federal agents arising under Puerto Rico law.

## II. BOARD-MEMBER DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR PAYMENT OF COSTS AND ATTORNEY'S FEES

After the board-member defendants moved the Court to dismiss Plaintiff's claims against them, Docket No. 28, Plaintiff agreed that the Court should do so without prejudice, Docket No. 39, pg. 1. The board-member defendants then asked the Court to shift their costs and attorney's fees to Plaintiff because Plaintiff's claims against them are frivolous. Docket No. 42, pg. 2. We disagree and decline to award the board-member defendants their costs and attorney's fees.

Federal Rule of Civil Procedure 54 allows the Court to award costs to the "prevailing party." See FED. R. CIV. P. 54(d)(1) ("[C]osts . . . should be allowed to the prevailing party."). A "prevailing party" is one that has "succeed[ed] on any significant issue," which "materially alter[s] the litigants' legal relationship." Me. Sch. Dist. No. 35 v. Mr. R., 321 F.3d 9, 14 (1st Cir. 2003); see also CRST Van Expedited, Inc. v. EEOC, 136 S. Ct. 1642, 1646 (2016) ("[T]he 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'"). Put differently, the party's success cannot be "purely procedural"—"it must actually accomplish[] something substantive for the winning party." Me. Sch. Dist. No. 35, 321 F.3d at 17. Though the board-member defendants' success need not be on the merits, id. at 15, our dismissal of Plaintiff's claims against them without

prejudice does not alter the legal relationship between the parties. See Cactus Canyon Quarries, Inc, v. Fed. Mine Safety & Health Rev. Comm'n, 820 F.3d 12, 17–18 (D.C. Cir. 2016) (stating that a dismissal without prejudice of claims against a party does not confer prevailing-party status); see also United States v. $70,670.00 in U.S. Currency, 929 F.3d 1293, 1303 (11th Cir. 2019) (explaining that a voluntary dismissal without prejudice does not affect the legal relationship between the parties and, thus, does not confer "prevailing party" status). The board-member defendants, therefore, are not a prevailing party and are not entitled to impose their costs on Plaintiff.

The board-member defendants also request attorney's fees based on Federal Rule of Civil Procedure 11 because, they assert, Plaintiff's claims against them are frivolous. Docket No. 42, pg. 2. Rule 11 allows the Court to impose sanctions, such as attorney's fees, on a party or lawyer for bringing frivolous claims. See FED. R. CIV. P. 11(b)(1) (explaining that an attorney who submits a paper to the court certifies that, based on an "inquiry reasonable under the circumstances," the claims therein are "warranted by existing law or by a nonfrivolous argument" for changing existing law); id. 11(c)(4) ("[T]he sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees . . . directly resulting from the violation."). To qualify as a frivolous claim, however, "it is not enough that the filer's 'claim lacked merit'—it must be 'so plainly unmeritorious as to warrant the imposition of sanctions.'"

Zell v. Ricci, 957 F.3d 1, 19 (1st Cir. 2020) (quoting Eldridge v. Gordon Bros. Gro., L.L.C., 863 F.3d 66, 88 (1st Cir. 2017)); see also CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011) (explaining that there must be "at least a showing of culpable carelessness" for sanctions under Rule 11 to be imposed). The board-member defendants argue that, because Plaintiff asked the Court to voluntarily dismiss her claims against them without prejudice in light of their arguments in their motion to dismiss, Plaintiff "[c]learly" filed this case to "unduly force" them to reinstate her medical license and, thus, her claims against them are frivolous. Docket No. 42, pg. 5. Although the board-member defendants correctly observe that there is caselaw against Plaintiff's position, see Docket No. 42, pg. 5, her position is not "so plainly unmeritorious as to warrant the imposition of sanctions." Zell, 957 F.3d at 19 (quoting Eldridge, 863 F.3d at 88); see also Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177 (2d Cir. 2012) (explaining that fees are only triggered under Rule 11 when the arguments made have "no chance of success" and there is "no reasonable argument to extend, modify, or reverse the law as it stands"). We see nothing indicating that Plaintiff filed this lawsuit to "unduly force" the board-member defendants to reinstate her medical license. We, therefore, decline to sanction Plaintiff or her counsel with the payment of the board-member defendants' attorney's fees.

III. CONCLUSION

In sum, we DISMISS WITH PREJUDICE Plaintiff's federal claims against the United States and unknown federal agents. We also DISMISS AS MOOT the board-member defendants' motion to dismiss, DISMISS WITHOUT PREJUDICE at Plaintiff's request her claims against the board-member defendants, and DENY the board-member defendants an award of costs and attorney's fees. And, finally, because all claims over which we have original jurisdiction have been dismissed, we decline to exercise supplemental jurisdiction over Plaintiff's claims against the United States and unknown federal agents arising under Puerto Rico law and, therefore, DISMISS WITHOUT PREJUDICE those claims. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); see also Signs for Jesus, 977 F.3d at 114 ("[A] district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction.").

In light of our dismissal of Plaintiff's claims against the United States, unknown federal agents, and the board-member defendants, we ORDER Plaintiff to SHOW CAUSE why her claims against the unknown insurance companies whom she alleges—without any factual assertions—are "jointly and severally liable" for the conduct of the other defendants should not be dismissed as well. Docket No. 1,

pgs. 4–5, 19. Plaintiff has fourteen (14) days to show cause in a filing, which must comply with Local Rule 7(d) and be no longer than ten (10) pages. Failure to comply with this order will result in the dismissal of Plaintiff's remaining claims.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of December 2020.

      S/ SILVIA CARREÑO-COLL
      UNITED STATES DISTRICT COURT JUDGE